**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
STUART Y. SILVERSTEIN,            :
                                  :
            Plaintiff,            :
                                  :         01 Civ. 309 (JFK)
      -against-                   :    **MEMORANDUM OPINION & ORDER**
                                  :
PENGUIN PUTNAM, INC.,             :
                                  :
            Defendant.            :
------------------------------X
**JOHN F. KEENAN, United States District Judge**:

In this copyright infringement case concerning two competing publications of Dorothy Parker poems and prose, Plaintiff Stuart Y. Silverstein ("Silverstein") has filed a request to serve a subpoena duces tecum upon Professor Randall L. Calhoun ("Calhoun").

Background[1]

Silverstein previously moved to strike the July 14, 2005 Declaration of Calhoun ("Declaration"), pursuant to the "sham affidavit" rule, and sought permission to depose Calhoun. Silverstein claimed that the Declaration, dated July 14, 2005, submitted by Defendant Penguin Putnam ("Penguin") contradicted the earlier Affidavit of Calhoun ("Affidavit"), dated February 1, 2005, submitted by Silverstein. The Court held that "[a]pplication of the "sham affidavit" rule to strike Calhoun's July 14, 2005 Declaration [was] inappropriate" because any inconsistency between

---

[1] The Court presumes familiarity with the facts of this case. Refer to Silverstein v. Penguin Putnam, No. 01 Civ. 309, 2006 WL 1192769 (S.D.N.Y. May 3, 2006), for more complete background information.

the two documents goes to weight, not admissibility. <u>Silverstein v. Penguin Putnam</u>, No. 01 Civ. 309, (S.D.N.Y. June 26, 2006) (citing <u>Palazzo v. Corio</u>, 232 F.3d 38, 44 (2d Cir. 2000); <u>Langman Fabrics v. Graff Cal. Wear, Inc.</u>, 160 F.3d 106, 112 (2d Cir. 1998)).

The Court did, however, grant Silverstein's unopposed request to depose Calhoun.  The Court originally limited the deposition to three hours, but at a June 28, 2006 conference, the Court, at the request of the parties, increased the time limit to seven hours.

Also at the July 28 conference, Silverstein notified the Court of his intent to serve a subpoena <u>duces tecum</u> upon Calhoun in connection with the deposition.  Silverstein told the Court that he would be seeking, among other things, Calhoun's phone records.  The Court directed Silverstein to submit a proposed subpoena, with explanations of why certain phone conversations are important for Calhoun's deposition, by August 3, 2006.  The Court said if the subpoena is drawn narrowly enough, setting forth the phone records sought and the period of time, the Court might look favorably upon it.  Penguin was directed to respond to Silverstein's request by August 17, 2006.  The Court stated that no reply was necessary. The subpoena request is now fully briefed.[2]

---

[2] Despite the Court's instruction that no reply was necessary, Silverstein submitted a reply and Putnam submitted a sur-reply to Silverstein's reply.  The Court will not consider these additional submissions.

Proposed Subpoena <u>*Duces Tecum*</u>

The proposed subpoena seeks four general categories of documents: (1) documents related to Calhoun's classification of poems or prose for sixteen specific pages of Calhoun's bio-bibliography, including "all correspondence, notes, memoranda, emails, email attachments, [and] drafts." (Pl. Mem. L., Ex. A at 5.); (2) all communications between Calhoun and Penguin from May 19, 2005[3] to present; (3) all communications between Calhoun and Penguin's counsel, Cowan, Liebowitz & Latman, from May 19, 2005 to present; and (4) Calhoun's telephone records from May 19, 2005 to present.

With regard to the fourth request, Silverstein seeks records for all telephone and cellular telephone service accounts subscribed to or used by Calhoun or Marie Calhoun, including telephones to which Calhoun had access at Ball State University where he is a professor. Though all records during the relevant period are sought, Silverstein proposes that the last four digits of any call not from certain area codes and exchanges be blacked out with marker to protect Calhoun's privacy. The area codes and exchanges Silverstein is interested in reviewing without redaction are calls made to ten area codes where Penguin and its subsidiaries

---

[3] The Court assumes that Silverstein chose May 19, 2005 because it is the date of the first post-remand status conference before this Court, when Penguin asked for and was granted permission to submit a declaration from Calhoun.

have offices.  Because the 317 area code encompasses the whole Indianapolis metropolitan area, and Calhoun resides nearby in Muncie, India, Silverstein has arranged for special treatment of 317 numbers.  Silverstein only seeks to view without redaction calls made to the 428 exchange (location of a Penguin subsidiary) within the 317 area code.

Silverstein requests the preceding documents for use at Calhoun's deposition for impeachment purposes.  Silverstein believes Calhoun was induced by Penguin with the promise of a book deal to change his mind on certain matters in Calhoun's Declaration, including Calhoun's classification of certain Dorothy Parker works and Calhoun's intent to publish his own collection of Dorothy Parker poems.

Penguin objects to the proposed subpoena, claiming the subpoena would unduly burden Calhoun.  Penguin argues Silverstein should not be permitted to question Calhoun at the deposition on matters relating to whether Penguin offered Calhoun a book deal because "[i]f Plaintiff's charges were true . . . , [Calhoun's] credibility and integrity would be destroyed." (Def. Mem. L. 5.) At the very least, Penguin argues Calhoun should be informed of Silverstein's allegations and advised to obtain a lawyer.

### Discussion

The proposed subpoena <u>duces</u> <u>tecum</u> is acceptable to the Court. It seems Silverstein has taken adequate steps to protect Calhoun's

4

privacy and ensure he is not unduly burdened by the requests. Though all phone records from May 19, 2005 to present are sought, phone records from all but ten area codes are to be redacted in part.  The remainder of Silverstein's document requests have also been appropriately limited in scope and are relevant to the case.

Silverstein seeks the documents listed in the subpoena in order to adequately question Calhoun at his deposition regarding any inconsistencies between Calhoun's Affidavit and Declaration. This is a proper use for a subpoena duces tecum. Fed. R. Civ. P. 45(d)(1), Advisory Committee Note to 1970 Amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.); 8 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2015 (2d ed. 1987) ("Inconsistent statements, criminal convictions, proof of bias, and similar material, being themselves admissible evidence, cannot be excluded from the scope of discovery.").

Penguin's assertion that it is improper to impeach a witness's credibility is belied by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, case law, and practice. See, e.g., Fed. R. E. 607 ("The credibility of a witness may be attacked by any party, including the party calling the witness.").  As the Court

stated in its June 26, 2006 decision, speaking of the inconsistencies in Calhoun's two statements, "such inconsistencies in witness testimony go to weight, not admissibility." Silverstein v. Penguin Putnam, No. 01 Civ. 309, (S.D.N.Y. June 26, 2006).

If indeed Silverstein's allegation is "a self-generated fantasy of nonexistent 'consideration,'" then Penguin has nothing to fear from the discovery sought by the subpoena. The Court, of course, issues this decision under the presumption that Silverstein's counsel is aware of its ethical duties, see Model Rule of Professional Responsibility 4.4, as well as the Court's ability to sanction under Fed. R. Civ. P. 26(g)(3) and Rule 11.

Because Penguin is concerned that Calhoun may want to retain counsel, the Court will mail a copy of this decision to Calhoun so that he may take whatever steps he deems necessary. The parties are to have no communication with Calhoun, other than joint communication for the purpose of scheduling Calhoun's deposition.

Conclusion

Silverstein's request to serve the proposed subpoena duces tecum is granted.

SO ORDERED.

Dated:     New York, New York
           August 29, 2006

                                    /s/ John F. Keenan
                                    _____
                                    JOHN F. KEENAN
                                    United States District Judge